Mr. Justice Thacher
delivered the opinion of the court.
A commission of insolvency was directed in the probate court against the estate of Tobias Owens, deceased. This commission was closed, and the commissioners discharged at the November term, 1845. At the March term, 1846, the appellant filed his petition in the Hinds county probate court, charging that the estate of Tobias Owens stood indebted to his wards in a considerable sum; that he had presented an account thereof, duly certified, to one of the commissioners, upon the insolvency of said estate, in July, 1845, but that said commissioners, in their report, returned no claims against said estate; and the petition prayed, that the commission might be re-opened for the purpose of letting in said claim.
*348 It has been several times held by this court, that a commission of insolvency cannot be re-opened at a term subsequent to that at which the commissioners have made their final report, for any cause, unless the former orders of the court were absolutely null and void. 6 How. 524; 1 S. & M. 321; 5 Ib. 354; 10 Ib. 599.
It is not set up in the petition, that the previous orders of the court relating to the commission, were null and void; but it is relied upon, that the report was untrue in not returning the claim of the appellant. This objection, properly, should have been made by an exception to the report, at the term of its allowance for approval; and it is very questionable, in view of the manner in which this claim was presented to but one of the commissioners, and then withdrawn from him, whether the exception could then have prevailed.
The objections taken by brief in this court, to the proceedings of the report, are purely technical, and not fatal. The report declares that no claims were presented against the estate, and consequently it was impossible to present “ a list of all the claims that shall have been laid before the commissioners.” The omission of the court to make the order of distribution upon allowing the report, is no objection to the correctness of the report. This omission can be supplied at any time, and is, besides, a matter concerning creditors who have presented their claims and distributees.
The case presents an instance of neglect, growing confessedly out of ignorance of the law, but there is no relief for the appellant.
Decree affirmed, dismissing the petition.